

Sid@RomanoLaw.com     55 Broad Street, 18th Floor     (212) 865-9848
New York, NY 10004

May 7, 2021

**VIA ECF**

The Honorable Judge Sarah L. Cave
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

> The Court has reviewed Plaintiffs' request for a discovery extension and for an order compelling Defendants' compliance with the Court's January 13, 2021 Order (ECF No. 140). The parties shall appear for a telephone conference on **Wednesday, May 12, 2021 at 10:00 am** to discuss the issues Plaintiffs raise. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time. The Clerk of Court is respectfully directed to close ECF No. 140.
>
> SO ORDERED     5/10/2021
>
> _Sarah L. Cave_
> SARAH L. CAVE
> United States Magistrate Judge

       **Re:**    *Lokesh Melwani and Cantal Trade LTD. v. Hunter Lipton, et al.*
                 *No. 17-CV-08308 (PGG) (SLC)*

Hon. Magistrate Judge Cave,

      We are counsel to Plaintiffs Lokesh Melwani and Cantal Trade Ltd. ("Cantal") in this action. We regret that we must make a third discovery motion in this matter, again in a posture where Defendants' counsel refuses to meet and confer. We write to ask that the Court enforce its January 13, 2021 decision and order granting Plaintiffs' motion to compel (Dkt. 123, the "Order").[1] As noted herein, Defendants' counsel repeatedly misrepresented that he had produced documents in compliance with the Order, both to this Court and to our offices, delaying our application. Accordingly, we further respectfully request that the Court extend discovery from May 13, 2021 by an additional thirty (30) day prevent prejudice to Plaintiffs' case.

      Counsel produced three emails and attachments on April 26, 2021 as the total production in response to the Order. This production was critically deficient, and we served a deficiency letter on May 4, 2021, also scheduling a meet and confer. Counsel cancelled, insisting we had "completed the meet and confer by email," and that he didn't "see anything to discuss." (See correspondence annexed as **Exhibit A** hereto). Per Your Honor's Individual Rules C.1, "an exchange of letter or emails does not satisfy" the meet and confer requirement. Counsel also contended "I offered to send you what had been gathered long ago and you accepted only on April 26." Ex. A. Plaintiffs requested these documents, and the Court ordered production in January. Counsel cannot plausibly have thought that Plaintiffs somehow had to later "accept" an "offer" of production to trigger production obligations.

      Here, Plaintiffs seek this Court intervention only after careful consideration of the costs and necessity of a third discovery motion, and only because Defendants' failure to produce will deeply prejudice Plaintiffs' case.

---

[1] For the sake of concision, this letter incorporates by reference the arguments made in that motion to compel, [Dkt. 120], upon which Your Honor previously ordered disclosures and production of documents.