UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOKESH MELWANI,<br><br>       Plaintiff,<br><br>    -against-<br><br>HUNTER LIPTON and EAGLE POINT FINANCIAL LLC,<br><br>       Defendants. | **ORDER**<br><br>17 Civ. 8308 (PGG) (SLC) |

PAUL G. GARDEPHE, U.S.D.J.:

    On July 19, 2019, Defendant Lipton filed a notice of pending bankruptcy. (Dkt. No. 80) Lipton's bankruptcy proceeding is In re Lipton, No. 19-13898-abl (Bankr. D. Nev.).

    On August 20, 2019, in light of Lipton's bankruptcy filing, this Court ordered the case stayed as to Lipton only. (Dkt. No. 82)

    On September 23, 2019, Plaintiff Melwani, along with Cantal Trade Ltd.,[1] filed an adversary complaint against Lipton in Lipton's bankruptcy proceeding. Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Dkt. No. 1 (Bankr. D. Nev. Sept. 23, 2019). The factual allegations in Melwani's adversary complaint closely resemble his factual allegations against Lipton in the instant case.

    On December 15, 2020, an order of discharge was issued in Lipton's bankruptcy case. In re Lipton, No. 19-13898-abl, Dkt. No. 170 (Bankr. D. Nev.).

    On October 26, 2021, Lipton moved to dismiss Melwani and Cantal Trade's adversary complaint for failure to prosecute. Melwani v. Lipton, Adv. Proc. No. 19-01094-abl,

---

[1] Cantal Trade Ltd. is controlled by Melwani, and it was previously a plaintiff in the instant case. (See Third Am. Cmplt. (Dkt. No. 111)) On September 17, 2022, this Court dismissed Cantal Trade's claims for failure to prosecute, because its attorney's motion to withdraw had been granted, and no new attorney had appeared on its behalf. (Dkt. No. 178 at 1)

Dkt. No. 77, at 1 (Bankr. D. Nev.).  On January 13, 2022, the Bankruptcy Court ordered Melwani and Cantal Trade to remit attorneys' fees to Lipton's counsel, ordered that Melwani appear for a deposition, and provided that, "[i]f Plaintiffs fail to comply with any of the above requirements, Lipton may submit an ex parte application with evidence supporting Plaintiffs' failure to comply and the case shall be dismissed without further hearing."  Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Dkt. No. 90, at 2-3 (Bankr. D. Nev.).

On February 3, 2022, the parties in the adversary proceeding filed a proposed order approving a stipulation and order for dismissal of the adversary case with prejudice.  The parties informed the Bankruptcy Court that "the dismissal of this Adversary Case is without prejudice to the action pending in the District Court for the Southern District of New York, case no. 17 Civ. 8308 (PGG) except to the extent that claims therein are asserted against Hunter Lipton."  Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Dkt. No. 93, at 2 (Bankr. D. Nev.) (emphasis added).  The Bankruptcy Court so-ordered the stipulation that same day.  Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Dkt. No. 95 (Bankr. D. Nev.).

Accordingly, by **February 21, 2023**, Melwani will show cause as to why this Court should not dismiss his claims against Lipton in light of Lipton's bankruptcy discharge and/or the parties' February 3, 2022 stipulation in the above-referenced adversary proceeding.  Lipton will make a submission concerning this issue by **February 28, 2023.**

In light of Lipton's bankruptcy discharge, the stay as to Lipton (Dkt. No. 82) is lifted for purposes of discovery.  Melwani and Eagle Point may take discovery from Lipton over the next 60 days.  By **April 21, 2023,** Melwani and Eagle Point will file a joint status letter stating what discovery has revealed, and whether this case will proceed to trial.

Dated: New York, New York
       February 14, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge