UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOKESH MELWANI,

                Plaintiff,

-against-

HUNTER LIPTON and EAGLE POINT FINANCIAL LLC,

                Defendants.

**ORDER**

17 Civ. 8308 (PGG) (SLC)

PAUL G. GARDEPHE, U.S.D.J.:

In a February 15, 2023 order, this Court directed pro se Plaintiff Melwani to show cause as to why his claims against Defendant Hunter Lipton should not be dismissed, given a stipulation of dismissal with prejudice that Melwani and Lipton entered into resolving an adversary proceeding Melwani had brought against Lipton in U.S. Bankruptcy Court for the District of Nevada.  (Dkt. No. 185)  Because Melwani has not shown cause, his claims against Lipton will be dismissed.

## BACKGROUND

### I.     THE BANKRUPTCY COURT PROCEEDING

In September 2019, Plaintiff Melwani and an entity he controls – Cantal Trade Ltd. ("Cantal") – filed an adversary complaint against Defendant Lipton in Lipton's Chapter 7 bankruptcy proceeding in the U.S. Bankruptcy Court for the District of Nevada.  The adversary complaint asserts claims against Lipton for, inter alia, fraud, fraudulent misrepresentation, fraudulent conveyance, and breach of fiduciary duty.  See Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Cmplt. (Dkt. No. 1) at 3-8 (Bankr. D. Nev. Sept. 23, 2019); see also Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Am. Cmplt. (Dkt. No. 25) at 6-11 (Bankr. D. Nev. Mar. 6, 2020).  In the adversary complaint, Melwani alleges that in mid-2010, he and Cantal invested

$300,000 in Eagle Point Financial LLC, representing a 32.5% interest in the business. Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Am. Cmplt. (Dkt. No. 25) ¶ 11 (Bankr. D. Nev. Mar. 6, 2020). Melwani and Cantal allege that Hunter Lipton – who is the "managing member of, and held a majority interest in . . . Eagle Point Financial LLC" – later sold Eagle Point and used the proceeds for his own purposes. Id. ¶¶ 10, 18, 27. According to Melwani and Cantal, although "Lipton repeatedly promised to pay Plaintiffs their 32.5% share from the disposition of [Eagle Point]," they never did so. Id. ¶¶ 20, 26.

On February 2, 2022, Melwani and Cantal entered into a stipulation with Hunter Lipton agreeing to the dismissal of their claims in the adversary proceeding with prejudice. The stipulation reads as follows:

> **STIPULATION AND ORDER FOR DISMISSAL OF ADVERSARY CASE WITH PREJUDICE**
>
> Plaintiffs Lokesh Melwani and Cantal Trade Ltd., by and through their attorney of record, David Mincin, Esq. of Mincin Law, PLLC, and Defendant Hunter Lipton, by and through his attorney of record, Teresa M. Pilatowicz, Esq. of Garman Turner Gordon, LLP stipulate and agree as follows.
>
> **It Is Hereby Stipulated And Agreed** that Plaintiffs hereby withdraw their objection to Debtor's discharge and acknowledge their claims are discharged and that the above-captioned adversary proceeding (the "Adversary Case") shall be dismissed in its entirety.
>
> **It Is Hereby Further Stipulated and Agreed** that the dismissal of this Adversary Case is without prejudice to the action pending in the District Court for the Southern District of New York, case no. 17 Civ. 8308 (PGG), except to the extent that claims therein are asserted against Hunter Lipton.
>
> **It Is Hereby Further Stipulate[d] and Agreed** that each party shall bear their own attorney's fees and costs.
>
> **It Is Hereby Further Stipulated and Agreed** that any hearings on [the] calendar be vacated, and this Adversary Case be closed.

Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Stip. (Dkt. No. 92) at 1-2 (Bankr. D. Nev. Feb. 2, 2022) (emphases in original).

On February 3, 2022, the bankruptcy judge issued an order approving the stipulation. The order reads as follows:

> **ORDER APPROVING STIPULATION AND ORDER FOR DISMISSAL OF ADVERSARY CASE WITH PREJUDICE**
>
> **IT IS HEREBY ORDERED** that the <u>Stipulation And Order For Dismissal Of Adversary Case Without Prejudice</u> is APPROVED and this case is hereby dismissed, in its entirety, with prejudice, each party to bear their own attorney's fees and costs.
>
> **IT IS HEREBY FURTHER ORDERED** that the dismissal of this Adversary Case is without prejudice to the action pending in the District Court for the Southern District of New York, case no. 17 Civ. 8308 (PGG), except to the extent that claims therein are asserted against Hunter Lipton.
>
> **IT IS HEREBY FURTHER ORDERED** that any other hearings on [the] calendar are hereby vacated, and this adversary case is hereby closed.

Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Order (Dkt. No. 93) at 1-2 (Bankr. D. Nev. Feb. 3, 2022) (emphases in original).

That same day, Melwani filed a "Notice of Entry of Order," stating: "Please take notice that an Order Approving Stipulation And Order For Dismissal Of Adversary Case With Prejudice was entered by the Clerk of Court on the 3rd day of February [of 2022], a copy of which is attached." Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Notice (Dkt. No. 95) at 1 (Bankr. D. Nev. Feb. 3, 2022). The Notice of Entry of Order attaches (1) a certificate of service indicating that Melwani's counsel served a copy of the February 3, 2022 order on Lipton's counsel; and (2) a copy of the February 3, 2022 order. Id. at 2-4.

## II.     FEBRUARY 15, 2023 ORDER TO SHOW CAUSE

The claims against Lipton that Melwani agreed to dismiss with prejudice in connection with the adversary proceeding are identical to claims for fraud and breach of fiduciary duty he has brought against Lipton in the instant action.  (Cmplt. (Dkt. No. 1) ¶¶ 33-40, 53-59)  The factual allegations in the adversary proceeding and in the instant action are likewise identical.  In the instant action, as in the adversary proceeding, Melwani alleges that in mid-2010 he and Cantal invested $300,000 in Eagle Point Financial LLC, representing a "32.5 percent equity stake" in the business.  Melwani and Cantal made the investment based on Lipton's representations.  (Third Am. Cmplt. (Dkt. No. 111) ¶¶ 18, 42-45)  According to Plaintiffs, Defendant Hunter Lipton – who is the "managing member" of Eagle Point – later sold Eagle Point and used the proceeds for his own purpose.  According to Plaintiffs, Lipton "breached the fiduciary duties that he owed to Plaintiffs . . . by misappropriating the proceeds from [the] sale [of Eagle Point] to the exclusion of Plaintiffs."  (Id. ¶ 23)  Although Lipton and Eagle Point "repeatedly promised to pay Plaintiffs their 32.5% share from the disposition of [Eagle Point]," they never did so.  (Id. ¶¶ 24, 27)

Accordingly, in a February 15, 2023 order, this Court directed Melwani to "show cause as to why this Court should not dismiss his claims against Lipton in light of Lipton's bankruptcy discharge and/or the parties' February 3, 2022 stipulation in the above-referenced adversary proceeding."  (Dkt. No. 185 at 2)

In a February 21, 2023 submission, Melwani asserts that "Plaintiff's claims against Lipton in the adversary proceeding have not been adjudicated by the Bankruptcy Court"; that "[t]he claims have not been settled by any of the Parties"; that "[t]o allow the defendants to retain [Melwani's] funds would not be in the interests of justice"; that the stipulation "should in

no way affect the claims before this Honorable Court"; and that "[t]he intention of the stipulation was to not prejudice the SDNY case." (Dkt. No. 188)

In a February 28, 2023 submission, Defendant Lipton contends that the stipulation Melwani entered into in the bankruptcy proceeding bars his claims against Lipton in the instant case. (Dkt. No. 189) Lipton contends that Melwani ignores the stipulation's language regarding Lipton, and he points out that Melwani does not allege that he "was tricked into the stipulation" or that he signed it under "duress or coercion." Lipton also notes that "Melwani was represented by counsel . . . in the adversary proceeding and at the time of the . . . Stipulation and Order ending it." (Id. at 2)

## DISCUSSION

"A dismissal with prejudice arising out of an agreement of the parties is an adjudication of all matters contemplated in the agreement, and a court order which memorializes this agreement bars further proceedings." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). The Second Circuit has held that where – as here – a bankruptcy court has issued a final order resolving a party's claim, and the party then attempts to litigate that claim in a subsequent proceeding in an Article III court, res judicata principles bar that subsequent claim.

In EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621 (2d Cir. 2007), for example, the court stated that principles of res judicata "appl[y] with full force" when a party attempts to litigate "matters decided by the bankruptcy courts" in a subsequent federal district court action, and held that a final order by the bankruptcy court approving a claim by the Internal Revenue Service for taxes owed precluded the debtor from filing a subsequent lawsuit in district court challenging the IRS's tax assessment. Id. at 624-27 (citing Katchen v. Landy, 382 U.S. 323, 334 (1966) and In re Teltronics Servs., 762 F.2d 185, 190 (2d Cir.1985)).

5

Accordingly, under res judicata principles, courts in this District routinely dismiss cases in which a party attempts to relitigate issues decided in a final order issued by a bankruptcy court.  See Cho v. Seventh Ave. Fine Foods Corp., No. 11 CIV. 3436 (KPF), 2016 WL 1717214, at *2–4 (S.D.N.Y. Apr. 28, 2016) (dismissing plaintiff's fraudulent transfer claim on res judicata grounds because the bankruptcy trustee for defendant's estate had entered into a settlement – to which plaintiff was a party-in-interest – resolving the same fraudulent transfer claim in the U.S. Bankruptcy Court for the District of New Jersey); LFMG-S&B, LLC v. Fortress Credit Corp., No. 11 CIV. 4260 LGS, 2015 WL 1027805, at *3 (S.D.N.Y. Mar. 6, 2015) ("Defendant moves to dismiss Plaintiff's claims on the ground that they are barred by the doctrine of res judicata.  As Plaintiff's exact same claims were held to be time-barred by the bankruptcy court in the Central District of California, and the dismissal was affirmed by the district court, these claims are precluded by res judicata.  Defendant's motion to dismiss is therefore granted."); Levesque v. Kelly Commc'ns, Inc., No. 91 CIV. 7045 (DLC), 1997 WL 284984, at *2 (S.D.N.Y. May 29, 1997) (dismissing claim previously decided by bankruptcy court because "the doctrines of res judicata and collateral estoppel apply to the decisions of bankruptcy courts"); see also Lorick v. Kilpatrick Townsend & Stockton LLP, No. 18-CV-7178 (ENV), 2021 WL 7906510, at *11 (E.D.N.Y. Aug. 20, 2021) (holding that where the bankruptcy court had rejected plaintiffs' allegations that a settlement had been procured by fraud, plaintiffs' "RICO and fraud claims, along with their breach of contract and related claims, [were] barred by res judicata"), report and recommendation adopted, No. 18CV7178ENVRLM, 2022 WL 1104849 (E.D.N.Y. Apr. 13, 2022); Farahzad v. Laws Title Ins. Co., No. 10-CV-6010 JS AKT, 2012 WL 4344325, at *1-4 (E.D.N.Y. Sept. 21, 2012) (holding that where the factual allegations underlying plaintiff's breach of contract, negligence, fraud, and conversion claims were "central to [a] [b]ankruptcy

[c]ourt proceeding" in the Eastern District of Virginia, the bankruptcy court's confirmation of a plan was a "final judgment on the merits by a court of competent jurisdiction" as to those allegations and had res judicata effect in subsequent district court case).

Here, in connection with an adversary proceeding he brought against Defendant Lipton in bankruptcy court, Plaintiff Melwani entered into a stipulation with Lipton in which he agreed that his claims against Lipton would be dismissed "with prejudice." Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Order (Dkt. No. 93) at 1 (Bankr. D. Nev. Feb. 3, 2022)[1]  For purposes of clarity, the bankruptcy judge states that "the dismissal of this Adversary Case is without prejudice to the action pending in the District Court for the Southern District of New York, case no. 17 Civ. 8308 (PGG), except to the extent that claims therein are asserted against Hunter Lipton." Id. at 2 (emphasis added).  The obvious purpose of the language "except to the extent that claims therein are asserted against Hunter Lipton" is to make clear that Melwani and Cantal's claims against Lipton are being dismissed with prejudice.

For reasons explained above, the order of dismissal with prejudice entered by the bankruptcy court has res judicata effect in the instant case, given that Melwani raises identical factual allegations and overlapping causes of action against Lipton in the instant case.

---

[1] The reference in the first line of the bankruptcy court's order to the "Stipulation And Order For Dismissal Of Adversary Case Without Prejudice" – Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Order (Dkt. No. 93) at 1 (Bankr. D. Nev. Feb. 3, 2022) (emphasis in original) – is a typographical error.  The stipulation that the parties submitted to the bankruptcy judge, and that the bankruptcy judge so ordered, is entitled "STIPULATION AND ORDER FOR DISMISSAL OF ADVERSARY CASE WITH PREJUDICE." Melwani v. Lipton, Adv. Proc. No. 19-01094-abl, Stip. (Dkt. No. 92) at 1 (Bankr. D. Nev. Feb. 2, 2022) (emphasis in original).

**CONCLUSION**

For the reasons stated above, pro se Plaintiff Melwani's claims against Defendant Hunter Lipton are dismissed with prejudice. The Clerk of Court is directed to terminate Hunter Lipton as a Defendant.

Dated: New York, New York
       March 16, 2023

SO ORDERED.

*Paul Gardephe*

Paul G. Gardephe
United States District Judge