UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOKESH MELWANI,

                           Plaintiff,

-v-

EAGLE POINT FINANCIAL LLC,

                           Defendant.

CIVIL ACTION NO.: 17 Civ. 8308 (PGG) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the request of pro se Plaintiff Lokesh Melwani ("Mr. Melwani") for an extension of time, until June 30, 2023, "to depose [Hunter] Lipton" ("Mr. Lipton") and to provide a status update to the Court. (ECF No. 192 (the "Request")). By way of background, on February 15, 2023, the Honorable Paul G. Gardephe lifted the discovery stay as to Mr. Lipton, a former Defendant in this case,[1] permitted Mr. Melwani and Defendant Eagle Point Financial LLC ("Eagle Point") to "take discovery from Lipton over the next 60 days[,]" and directed the parties to file a joint letter by April 21, 2023 "stating what discovery has revealed, and whether this case will proceed to trial." (ECF No. 185 at 2). On May 19, 2023, Eagle Point filed a letter stating that "Mr. Melwani has taken no discovery from Mr. Lipton" and that, while he "had indicated that he wanted to take the deposition of Mr. Lipton in early April of this year," Mr. Melwani "did not respond to three [] follow-up queries concerning its scheduling." (ECF No. 191).

---

[1] On March 16, 2023, Judge Gardephe dismissed with prejudice Mr. Melwani's claims against Mr. Lipton. (ECF No. 190 at 8).

On June 6, 2023, Mr. Melwani filed the Request. (ECF No. 192). Mr. Melwani states that, after initially believing Eagle Point's counsel failed to respond to his email requests to schedule Mr. Lipton's deposition, he discovered that counsel's responses "went into [his] junk folder." (Id. at 1). On June 8, 2023, Eagle Point opposed the Request. (ECF No. 195).

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A finding of good cause depends on the diligence of the moving party." Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003). "Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Augustus v. MSG Metro Channel, 217 F. Supp. 2d 458, 463 (S.D.N.Y. 2002). "While the right does not exempt a party from compliance with relevant rules of procedural and substantive law, it should not be impaired by harsh application of technical rules." Id.

Here, the Court finds that, while it is a close call, Mr. Melwani, a pro se litigant, has established good cause for a brief extension of the discovery schedule to take Mr. Lipton's deposition (the "Deposition"). Although Mr. Melwani does not explain why he waited until April—just three days before the fact discovery deadline—to attempt to schedule the Deposition, he did endeavor to schedule it within the fact discovery period. Cf. Romero v. Teamsters Union Loc. 272, No. 15 Civ. 7583 (GHW), 2019 WL 4688642, at *8 (S.D.N.Y. Sept. 25, 2019) (denying pro se party's request to amend a scheduling order made "long after the deadline . . . had passed"). The Court accepts Mr. Melwani's assertion of his mistaken belief that Eagle Point had not responded to his request to schedule the Deposition because the responses went to his junk email folder.

Accordingly, the Request is GRANTED, and the Court orders as follows:

1. Mr. Melwani may take the Deposition by **June 30, 2023**. No further extension will be granted absent extraordinary circumstances.

2. The parties shall **promptly** meet and confer to schedule the Deposition.

3. By **July 7, 2023**, the parties shall file a joint letter confirming the completion of the Deposition, and advising whether the parties wish for the Court to conduct a settlement conference.

Mr. Melwani is reminded of his ability to seek free legal advice from the New York Legal Assistance Group's legal clinic for pro se litigants, by visiting its website at nylag.org/pro-se-clinic/ or by calling (212) 659-6190. This clinic is not part of or run by the Court and it cannot accept filings on behalf of the Court.

Dated: New York, New York
June 12, 2023

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**