UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

LOKESH MELWANI,

                    Plaintiff,

        -against-                                  **ORDER**

EAGLE POINT FINANCIAL LLC,              17 Civ. 8308 (PGG) (SLC)

                    Defendant.

-------------------------------------------------------------

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Lokesh Melwani – the sole remaining plaintiff in this action – brings a breach of contract claim against Defendant Eagle Point Financial LLC – the sole remaining defendant. (Third Amended Complaint ("TAC") (Dkt. No. 111) ¶¶ 30-35) On July 21, 2023, Eagle Point renewed its motion for summary judgment, which was originally filed on February 28, 2022. (July 21, 2023 Eagle Point Ltr. (Dkt. No. 203); Eagle Point Sum. J. Mot. (Dkt. No. 163) On December 21, 2023, this Court denied Eagle Point's motion for summary judgment and scheduled a bench trial for February 5, 2024. (Dec. 12, 2023 Order (Dkt. No. 205) at 18) This Court also directed the parties to file a joint pre-trial order and any motions in limine by January 12, 2024. (Id.)

        In a January 11, 2024 letter, Eagle Point reported that it had been "unable to reach" Melwani – who resides in London – to discuss the contents of the joint pre-trial order. (Def. Jan. 11, 2024 Ltr. (Dkt. No. 206) On January 12, 2024, this Court adjourned the trial date to February 20, 2024 to "allow the parties additional time to confer about the status of the case and about a potential settlement." (Jan. 12, 2024 Memo Endorsement (Dkt. No. 308) at 2) This Court's January 12, 2024 Order did not extend the deadline to file the joint pre-trial order or to file motions in limine.

In a February 1, 2024 letter, Eagle Point reported that it had "been in contact with Plaintiff Lokesh Melwani via telephone" to discuss this Court's January 12, 2024 order. (Feb. 1, 2024 Ltr. (Dkt. No. 209) Eagle Point stated that while the parties "agreed that the Pre-Trial Order and motions in limine would be due three (3) weeks prior to the new trial date" of February 20, 2024, Eagle Point had "received no communication at all from Mr. Melwani" since then and was therefore unable to file a joint pre-trial order or any motions in limine. (Id.)

In a February 2, 2024 Order, this Court recounted the setting of the trial date and the dates for pretrial filings, and warned that if the joint pre-trial order and motions in limine were not filed by February 9, 2024, Plaintiff's remaining claim would be dismissed for failure to prosecute:

> In a December 21, 2023 Order, this Court scheduled trial for February 5, 2024. The Court also set deadlines for pretrial filings: January 12, 2023 for the joint pretrial order and motions in limine, and January 19, 2024 for response papers. No submissions have been filed by either side as of today's date. In a January 11, 2024 letter, defense counsel advised that he had not been able to reach Plaintiff through email or phone. (Dkt. No. 207) Accordingly, the Court adjourned trial to February 20, 2024. (Dkt. No. 208) The deadlines for pretrial filings were not changed. If the Joint Pretrial Order and any motions in limine are not filed by February 9, 2024 the case will be dismissed for failure to prosecute.

(Feb. 2, 2024 Memo Endorsement (Dkt. No. 210)) (emphasis in original)

The joint pre-trial order has not been filed, nor has either party filed motions in limine.

Fed. R. Civ. P. 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order. . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing

2

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)). A district court considering a Rule 41(b) dismissal must weigh five factors:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Conn. Dep't of Env't Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff[s], and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). Here, Plaintiff Melwani has not complied with (1) the Court's December 21, 2023 order directing him to file a joint pre-trial order and any motions in limine by January 12, 2024; or (2) the Court's February 2, 2024 order directing him to file a joint pre-trial order and any motions in limine by February 9, 2024.

Under the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'" U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180). Here, this Court's February 2, 2024 order expressly warns Melwani that his remaining claim will be dismissed for failure to prosecute if he does not make the required pretrial filings. (Feb. 2, 2024 Memo Endorsement (Dkt. No. 210))

The next factor – whether a defendant is "likely to be prejudiced by further delay"– also weighs in favor of dismissal. This Court has scheduled a bench trial in this matter

for February 20, 2024.  Melwani has made no pretrial filings, nor has he cooperated with Eagle Point's counsel in preparing the joint pre-trial order.  "Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit."  <u>Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc.</u>, No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000); <u>see also</u> <u>Peart v. City of New York</u>, 992 F.2d 458, 462 (2d Cir. 1993) ("[P]rejudice resulting from unreasonable delay may be presumed as a matter of law[.]" (citing <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 43 (2d Cir. 1982))).

"The fourth factor [courts] consider is the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard."  <u>U.S. ex rel. Drake</u>, 375 F.3d at 257 (citing <u>Martens</u>, 273 F.3d at 182).  This factor also weighs in favor of dismissal.  A bench trial is scheduled for February 20, 2024, less than a week from today, and Melwani has not cooperated with defense counsel in preparing a joint pretrial order.  No trial can take place without the submission of a joint pretrial order.  Accordingly, Melwani's failure to cooperate in the preparation of a joint pretrial order renders a trial impossible.

Finally, the Court finds that lesser sanctions would be ineffective.  Plaintiff has not complied with multiple orders of this Court setting deadlines for pre-trial filings, and he has been warned that a continued failure to comply with court orders will result in the dismissal of his remaining claim.  (<u>See</u> Feb. 2, 2024 Memo Endorsement (Dkt. No. 210))  "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless."  <u>Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A.</u>, No. 06 Civ. 2390 (LAP), 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing

Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)); Smith v. Human Res. Admin., No. 91 Civ. 2295 (MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [as][c]ourt orders and direction have not prompted plaintiff to move h[is] case forward.")). This factor therefore weighs in favor of dismissal.

Viewing the record as a whole and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction at this time.

## CONCLUSION

For the reasons stated above, Plaintiff Melwani's remaining claim against Eagle Point is dismissed for failure to prosecute. The Clerk of Court is directed to enter judgment for Defendant Eagle Point and to close this case.

Dated:  New York, New York
        February 14, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge